```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZIZ SALAAM,

                Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY POLICE DEPT.; P.O. SCIOTTO; P.O. JACKSON,

                Defendants.

21-CV-4713 (AJN)

TRANSFER ORDER

ALISON J. NATHAN, United States District Judge:

    Plaintiff, currently held in the Robert N. Davoren Center on Rikers Island, brings this *pro se* action asserting claims arising from his May 1, 2021 arrest in Jamaica, Queens County, New York, by Police Officers Sciotto and Jackson, who are allegedly assigned to the New York City Police Department's 103rd Precinct, also located in Jamaica, New York. In addition, Plaintiff asserts claims arising from his prosecution in a Queens County court. Plaintiff sues the City of New York, the New York City Police Department ("NYPD"), and Police Officers Sciotto and Jackson. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant,

resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2). Where a state has more than one judicial district, a corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." § 1391(d).[1]

The addresses that Plaintiff lists for the City of New York, which is a municipal corporation, and the NYPD are located in New York County (Borough of Manhattan), which is within this judicial district. (ECF 2, at 3); *see* 28 U.S.C. § 112(b). And the address that Plaintiff lists for Police Officers Sciotto and Jackson is located in Queens County, which is within the Eastern District of New York. (ECF 2, at 3); *see* § 112(c). In addition, Plaintiff's claims arise from events that took place in Queens County. Thus, it appears that this Court and the United States District Court for the Eastern District of New York are both proper venues for this action. *See* § 1391(b)(1), (2).

Even though venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." § 1391(d).

2

imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate for this action. The underlying events occurred in Queens County, in the Eastern District of New York. *See* § 112(c). In addition, it is likely that relevant documents and witnesses are located in that judicial district. Thus, the Court concludes, based on a totality of the circumstances, that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this

order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.[2]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 27, 2021
New York, New York

ALISON J. NATHAN
United States District Judge

---

[2] Plaintiff alleges that the events that are the basis for his claims occurred in Jamaica, Queens County, New York. (ECF 2, at 4.) But he also briefly mentions his detention on Rikers Island, which lies in Bronx County, within this judicial district. *See* § 112(b). The Court offers no opinion as to the merits of any separate civil action Plaintiff may file arising from the conditions of his confinement on Rikers Island.

4