```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

AZIZ SALAAM,

                Plaintiff,                 MEMORANDUM & ORDER
                                           21-CV-3172(EK)(LB)
        -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPT, P.O. SCIOTTO, and
P.O. JACKSON,

                Defendants.
-------------------------------x
```
ERIC KOMITEE, United States District Judge:

Aziz Salaam, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983.[1] The Court grants Plaintiff's application to proceed *in forma pauperis*, 28 U.S.C. § 1915(a), and reviews the complaint pursuant to that statue and to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court dismisses the New York City Police Department. The case may proceed against the remaining defendants.

## I. Background

Plaintiff alleges that in May 2021, he was arrested by Police Officers Sciotto and Jackson[2] and charged with possessing a controlled substance — a misdemeanor. He claims that he has been held on Rikers Island despite the fact that his case was

---

[1] This case was originally filed in the United States District Court for the Southern District of New York. It was transferred to this Court by Order dated May 27, 2021.

[2] The Complaint lists only the officers' last names.

dismissed.  *See* Complaint at 4-5 (asserting that "misdemeanor 1 count arrest/arraignment charge was dismissed").  He also alleges that he was deprived a bed during intake, and had to sleep on the "cold floor" of the intake unit "without mattresses or proper covering."

Reading the Complaint liberally, as appropriate for a *pro se* plaintiff, I construe it to allege Section 1983 claims concerning the conditions of his confinement in violation of the Due Process Clause of the Fourteenth Amendment, and false arrest in violation of the Fourth Amendment.  Plaintiff seeks over $200 million in damages.

## II.  Standard of Review

Under 28 U.S.C. § 1915A(a), the Court is required to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss it — even before the defendants respond — if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  *Id.* § 1915A(b)(1); *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999).  Similarly, the Court must also dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and quotation marks omitted).

### III. Discussion

Plaintiff's claims against the New York City Police Department ("NYPD") are dismissed because the NYPD is not a suable entity. Federal courts look to state law to decide whether a municipal entity is amenable to suit in federal court. Fed. R. Civ. P. 17(b)(3). Here, the New York City Charter is the relevant authority. *See, e.g.*, *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008). The Charter provides that actions and proceedings to recover penalties for legal violations shall be brought against the City of New York

and not any agency thereof, except where otherwise provided by law.  N.Y.C. Charter Ch. 17, § 396.  Therefore, agencies of New York City are not "suable" entities.  *See e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Baily v. New York City Police Dept.*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (same).

## IV.  Conclusion

The NYPD is dismissed.  No summons shall issue as to the NYPD and the Clerk of Court shall terminate it from this action.  The case shall proceed against the City of New York and Police Officers Sciotto and Jackson, employed at the 103rd Police Precinct in Jamaica, Queens as of May 1, 2021.  *See* Complaint at 3.  The Clerk of Court shall issue a summons and the United States Marshals Service shall serve the summons and complaint on these defendants without prepayment of fees.  The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose

4

of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                               /s Eric Komitee_____
                                             ERIC KOMITEE
                                             United States District Judge

Dated:    August 6, 2021
            Brooklyn, New York