UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AZIZ SALAAM,

                              Plaintiff,

    -against-

CITY OF NEW YORK,
POLICE OFFICER SCIOTTO, and
POLICE OFFICER JACKSON,

                              Defendants.
----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**21 CV 3172 (EK)(LB)**

**BLOOM, United States Magistrate Judge:**

This *pro se* civil rights case was referred to me for all pretrial purposes. *Pro se* plaintiff failed to appear at a Court-ordered telephone conference in this matter on March 1, 2022 and has not contacted the Court or defendant's counsel to request an adjournment or to explain his absence. Following the March 1, 2022 telephone conference, I Ordered plaintiff to show good cause why he failed to appear. ECF No. 32. I warned plaintiff that if he failed to show good cause for his failure to appear at the conference by March 22, 2022, I would recommend that his case should be dismissed under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A). Despite this explicit warning, plaintiff has failed to show good cause or otherwise respond to the Court's Order. Defendants now request that this case be dismissed. Defs.' Mot., ECF No. 34. Accordingly, in light of plaintiff's failure to appear for a Court-ordered conference and his failure to show good cause for his absence, it is respectfully recommended under 28 U.S.C. § 636(b) that plaintiff's action should be dismissed pursuant to Rules 16(f), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND AND PROCEDRUAL HISTORY

Plaintiff filed this *pro se* civil rights action on June 4, 2021 in the Southern District of New York, alleging that he suffered "cruel and inhumane treatment" while in the custody of the Department of Correction following an arrest on May 1, 2021. Compl. ¶ V, ECF No. 1. On June 4, 2021, the case was transferred to this District. ECF No. 6. On August 6, 2021, Judge Komitee granted plaintiff's application to proceed *in forma pauperis*, dismissed the New York City Police Department from this case, and ordered that the case against the City of New York as well as Police Officers Sciotto and Jackson should proceed. Aug. 6, 2021 Mem. & Order, ECF No. 7. The defendants answered the complaint on November 5, 2021. ECF No 17.

The Court held the initial conference in this matter on December 14, 2021 and afforded plaintiff time to consider whether he should file an amended complaint. ECF No. 28. Plaintiff failed to file an amended complaint and the Court held a subsequent conference on January 27, 2022. ECF No. 31. The Court again afforded plaintiff more time to file an amended complaint and scheduled another conference for March 1, 2022. Id. Plaintiff did not file an amended complaint and failed to appear at the March 1, 2022 conference. ECF No. 32. Plaintiff did not contact the Court or defendants' counsel prior to the conference to request an adjournment. At the conference, defendants' counsel stated that plaintiff had contacted her on February 23, 2022. Mar. 1, 2022 Tr. 3:8-9. According to defendant's counsel, plaintiff stated: "I'm probably going to let the judge go ahead and dismiss [the] complaint. I don't care about it now that I'm free." Mar. 1, 2022 Tr. 3:17-19; Defs.' Mot., Ex. B. Defendants' counsel reminded plaintiff of the March 1, 2022 Court conference and stated that plaintiff could tell the Judge his intentions at the conference or could write a letter to the Court. Mar. 1, 2022 Tr. 3:21-25. Plaintiff responded: "I am not even going to participate in this matter." Mar. 1, 2022 Tr. 4:1-2; Defs.' Mot., Ex. B.

Defendants' counsel represented that plaintiff emailed her stating that he did not wish to pursue this matter. Mar. 1, 2022 Tr. 4:18-23.

Following the conference, the Court ordered plaintiff to file a notice voluntarily discontinuing this action if he did not wish to proceed.[1] ECF No. 32. In the alternative, I ordered plaintiff to show good cause why he failed to appear at the conference and stated that if plaintiff failed to show good cause for his failure to appear by March 22, 2022, I would "recommend that this case should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure." ECF No. 32. Defendants now request that this case should be dismissed. Def. Mot., ECF No. 34.

**DISCUSSION**

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); See also Agiwal v. Mid Island Mortg.

---

[1] The Court's March 1, 2022 Order was mailed to plaintiff's address and has not been returned to the Court as undeliverable.

3

Corp., 555 F.3d 298, 302 (2d Cir. 2009) (failure of *pro se* litigant to comply with court orders may result in sanctions, including dismissal with prejudice).

Plaintiff failed to appear at a Court-ordered conference on March 1, 2022 and failed to show good cause for his failure to appear by March 22 2022. Plaintiff was clearly warned that if he failed to show good cause for his failure to appear by March 22, 2022, I would recommend that this case should be dismissed. ECF No. 32. Plaintiff's failure to appear and failure to respond to the Court's Orders makes it impossible to proceed in this action. This is plaintiff's action to vindicate his rights. The Court need not afford plaintiff unlimited opportunities. Plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

Dismissal is also proper under Federal Rule of Civil Procedure 41(b) which provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." The Court may dismiss a case for failure to prosecute sua sponte. O'Rourke v. Nirvana, 19-CV-4711(PAE)(GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020) report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020). The power of a District Court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (internal quotation marks omitted) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). The Second Circuit counsels that dismissal for lack of prosecution is "harsh" and only appropriate in "'extreme situations.'" Id. at 575–76 (quoting Minnette v. Time Warner, 997 F.2d 1023, 102 (2d Cir. 1993).

4

A Court considering dismissal for failure to prosecute must consider five factors. Id. at 575. (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

Id. (quoting Drake, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke, 2020 WL 1198326, at *2. District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id. When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to prosecute this matter requires dismissal. Plaintiff failed to appear at a Court ordered telephone conference and stated to defendants' counsel that he no longer wants to pursue this case. See Defs.' Mot., Ex. B. Plaintiff was warned that failure to respond to the Court's order to show cause would result in dismissal. ECF No. 32.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                   /S/
                                           LOIS BLOOM
                                           United States Magistrate Judge

Dated: April 5, 2022
       Brooklyn, New York